**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

D-RAYLE MONTEY NELSON, a/k/a
Drayle Montes Nelson, a/k/a Drayle
Montey Nelson,

    Defendant - Appellant.

No. 25-5086
(D.C. No. 4:24-CR-00276-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.[**]
_____

A grand jury indicted Defendant D-Rayle Montey Nelson of possession of a

firearm in violation of 18 U.S.C. § 922(g)(1), which prohibits felons from possessing

firearms. Defendant moved to dismiss the indictment against him under New York

State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022). The district court

denied his motion. He pled guilty to the charge but preserved his right to appeal the

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

motion to dismiss.  The district court sentenced Defendant to thirty months' imprisonment and three years' supervised release.

On appeal, Defendant brings an as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1).  Prior to the grand jury indicting Defendant, we decided Vincent v. Garland, 80 F.4th 1197 (10th Cir. 2023) ("Vincent I"), in which we held that the Supreme Court's decision in Bruen does not expressly overrule United States v. McCane, 573 F.3d 1037 (10th Cir. 2009)—which upheld § 922(g)(1)'s constitutionality.  The Supreme Court later vacated Vincent I and remanded for reconsideration in light of its decision in United States v. Rahimi, 602 U.S. 680 (2024).  See Vincent v. Garland, 144 S. Ct. 2708 (2024) (mem.) ("Vincent II").  On remand, we concluded that Rahimi did not undermine our earlier reasoning or result, and reiterated that under McCane and Rahimi, the Second Amendment does not render § 922(g)(1) unconstitutional.  Vincent v. Bondi, 127 F.4th 1263 (10th Cir. 2025) ("Vincent III").

Defendant acknowledges that Vincent III, Rocky Mountain Gun Owners v. Polis, 121 F.4th 96 (10th Cir. 2024), and United States v. Warner, 131 F.4th 1137 (10th Cir. 2025), foreclose his arguments but nonetheless appeals for preservation purposes.  Because Supreme Court and Tenth Circuit precedent foreclose his as-applied challenge to § 922(g)(1), Defendant's appeal lacks merit.

2

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge